UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EDWARD C. GREEN,                    )
                                    )   No. CV-11-3105-CI
            Plaintiff,              )
                                    )   ORDER GRANTING PLAINTIFF'S
v.                                  )   MOTION FOR SUMMARY JUDGMENT
                                    )   AND REMANDING FOR ADDITIONAL
CAROLYN W. COLVIN, Acting           )   PROCEEDINGS PURSUANT TO 42
Commissioner of Social              )   U.S.C. § 405(g)
Security,[1]                        )
                                    )
            Defendant               )

BEFORE THE COURT are cross-Motions for Summary Judgment.  ECF No. 18, 22.  Attorney D. James Tree represents Edward C. Green (Plaintiff); Special Assistant United States Attorney Robert L. Van Saghi represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 8.  After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013.  Under FED. R. CIV. P. 25 (d), Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant.  No further action need be taken to continue this suit.  42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 1

**JURISDICTION**

Plaintiff protectively filed for Supplemental Security Income (SSI) on September 21, 2007. Tr. 63.[2] He alleged disability due to major depressive disorder, anxiety, and bipolar disorder with an alleged onset date of September 21, 2007. Tr. 63, 199. His claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on April 14, 2010, before ALJ Riley Atkins. Tr. 59-83. Plaintiff, who was represented by counsel, testified. Vocational expert Richard Hinks appeared but did not testify. Tr. 59-60. The ALJ denied benefits on April 26, 2010, and the Appeals Council denied review on August 18, 2011. Tr. 15-25, 1-7. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales,* 402 U.S. 389, 400

---

[2] This is Plaintiff's second application for Social Security benefits. His prior claim, filed in March 2004, was denied at the administrative level. ALJ Atkins denied benefits after a hearing in April 2007, at which vocational expert Barbara Vogel testified. The Appeals Council denied review in December 2007. Tr. 15. Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g), and the Commissioner's decision was affirmed by this court in March 2009. (Cause Number CV-08-3003-CI). ALJ Atkins did not find a basis for reopening the 2004 SSI application in considering the SSI application now on review. Tr. 15.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 2

(1971).  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  "This is a highly deferential standard of review." *Valentine v. Commissioner of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

### SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a), 416.920(a).  At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful

activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform.   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9ᵗʰ Cir. 1984).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and briefly summarized here.  Plaintiff was 54 at the time he applied for benefits.  He had a high school education and a year of college.  Tr. 24, 203.   At a 2007 hearing, his past work experience was described by the vocational expert as a restaurant manager, a cook, a cashier, and a tree thinner.  Tr. 39-40.  In his current application for benefits, Plaintiff listed his work as a convenience store manager between 1981-2002.  Tr. 200.  At the April 2010 hearing, Plaintiff testified he is unmarried with an adult daughter in Seattle who he visits regularly.  He reported he was living with his mother and spent a lot of time with his ex-spouse, who lives nearby.  Tr. 73-75.   Plaintiff testified he attempted to work as a truck driver in 2007, but was inadequately trained for the job and was laid off after having an accident.  Tr. 65.  He stated he had been receiving mental health treatment over the last four years from a therapist who works with his treating physician.  Tr. 64.  He stated he could not sustain work due to fatigue, depression, anxiety attacks, inability to concentrate, and impaired memory.  Tr. 68-72.

### ADMINISTRATIVE DECISION

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the SSI application date.  He

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 4

found Plaintiff had severe impairments of "major depressive disorder (recurrent and mild to severe); personality disorder (not otherwise specified), and a history of alcohol and cannabis abuse (in remission per claimant). Tr. 17. At step three, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). Tr. 18. At step four he determined Plaintiff had no exertional limitations and numerous moderate mental limitations that restricted his residual functional capacity (RFC). Plaintiff's RFC is identical to the RFC assessed in June 2007. Tr. 19-20, 94.

In the step four findings, the ALJ found Plaintiff credible "to the extent he suffers from some type of impairment," but concluded allegations that he is incapable of all work activity were not credible. Tr. 20-21. Relying on vocational expert testimony from the 2007 hearing, the ALJ found Plaintiff could perform past work as a tree thinner and cook. Tr. 23, 39-42. In the alternative, the ALJ made step five findings based on the RFC and vocational expert testimony from June 2007. Tr. 24. He concluded Plaintiff could perform other jobs that existed in the national economy such as janitor, warehouse worker, and packing line worker. Tr. 24, 45-46. He also found Plaintiff's ability to perform work is compromised by nonexertional limitations that have "little or no effect on the occupational base of unskilled work at all exertional levels." Tr. 24. Relying on the Medical-Vocational Guidelines as a "framework," he concluded Plaintiff was not disabled as defined by the Social Security Act. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 5

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff argues the ALJ erred when he: (1) evaluated the medical opinion evidence; (2) rejected Plaintiff's subjective complaints; (3) failed to conduct a proper step four analysis; and (4) did not meet his burden at step five to identify specific jobs Plaintiff could still perform.  ECF NO. 19 at 14. Defendant argues the ALJ's decision is supported by substantial evidence and without error and should be affirmed.  ECF No. 23.

**DISCUSSION**

**A.    Treating Source Opinions**

Plaintiff argues the ALJ improperly disregarded the relevant opinions of his treating physician, Kimberly Humann, M.D., and his treating mental health therapist, Candi Didier, M.S.  ECF No. 19 at 17-23.

**1.    Dr. Humann**

A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004).  If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons supported by substantial evidence. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995).  If contradicted, the ALJ may reject the opinion if he states "specific," "legitimate" reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.,* 44 F.3d 1453, 1463 (9th Cir. 1995).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 6

The record shows Dr. Humann has been treating Plaintiff since about 2006 at the Central Washington Community Mental Health Center (CWCMH).  Tr. 250-59.  Between 2007 and 2009, Dr. Humann monitored Plaintiff's mental health medication and observed his progress during treatment over the years.  In June 2007, after Plaintiff's first application for benefits was denied, Dr. Humann opined Plaintiff still could not work due to depression symptoms and requested he be reinstated for state assistance.  Tr. 245.  CWCMH records indicate once state medical coverage resumed, Plaintiff returned to CMWCMH for mental health treatment, including medication.  Tr. 415.  As noted by his therapist, after one week on medication, Plaintiff reported a lessening of anxiety symptoms, but continued to report depressive symptoms.  Tr. 416.  Treatment continued throughout the claimed period of disability with limited and inconsistent improvement.  Tr. 455-526, 603-52.

In November 2007, the record was reviewed by Sharon Underwood, Ph.D., who concluded Plaintiff's anxiety and mood disorder would require a low stress job that does not involve "multi-tasking, unusually fast-paced work, complex tasks, or work with the public."  Tr. 421.  Dr. Underwood's functional limitations were affirmed by reviewing psychologist, Dr. Beatty, in February 2008 and given some weight by the ALJ.[3]  Tr. 22. 529.

_____

[3]   The ALJ specifically disregarded Dr. Underwood's affirmed opinion that Plaintiff needed to work away from the public.  Tr. 22, 421, 435, 529.  He reasoned this requirement was contradicted by Plaintiff's ability to interact with his former spouse and adult

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 7

1    CWCMH records indicate that after Plaintiff resumed mental
2   health treatment, Dr. Humann and Ms. Didier identified persistent
3   cognitive deficits and memory problems.   Tr. 609-621.   In April
4   2009, based on clinic notes relevant to this claim, Dr. Humann
5   recommended a neuropsychological evaluation to rule out possible
6   etiologies for cognitive deficits that were not responding to
7   treatment.  Tr. 611.  In August 2009, she filled out a psychological
8   evaluation form summarizing her findings regarding Plaintiff's
9   mental limitations and noted marked limitations in Plaintiff's
10  understanding, memory, and concentration.   Tr. 591-93.

11    The ALJ rejected Dr. Humann's assessed limitations because they
12  were on a check-off form and "not in accordance with the record as
13  a whole."   Tr. 22.   He also rejected her recommendation for further
14  neuropsychological examination because one had been completed in
15  December 2006, by examining psychologist Roland Dougherty, Ph.D.[4]

16

17  _____

18  daughter, who lived out of town.   Tr. 22.   This is not a legitimate
19  reason to reject an opinion regarding Plaintiff's ability to
20  function in a work environment.   *Fair v. Bowen*, 885 F.2d 597, 603
21  (9th Cir. 1989)(abilities not transferrable to "more grueling
22  environment of the workplace" do not discredit claimed limitations).
23  The ALJ's reasons for rejecting Dr. Underwood's opinion that
24  Plaintiff needs a low stress job away from people is not supported
25  by substantial evidence.

26    [4] Although the ALJ briefly summarized Dr. Dougherty's findings
27  in the prior decision, Tr. 96, the report is not in the record
28  before this court.   Therefore, the court is unable to ascertain if

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 8

The ALJ presumed Dr. Humann had not seen the 2006 evaluation prior to making her 2009 recommendation. Tr. 22, 96. The ALJ's reasons for disregarding Dr. Humann's recommendation and assessed limitations are not legally sufficient.

In *Crane v. Shalala*, 76 F.3d 251 (9th Cir. 1996), the court affirmed the ALJ's rejection of a physician's check-off opinions because they did not contain an explanation or reference evidence in support of his conclusions *Id*. at 254. That is not the case here. Dr. Humann's conclusions are supported by treatment notes that document over three years of treatment at CWCMH, as well as assessments by agency reviewing psychologists who also found significant limitations in Plaintiff's mental functioning. Although the ALJ finds Dr. Humann's opinions are "not in accordance" with other evidence, he references no relevant evidence that contradicts Dr. Humann's conclusions regarding Plaintiff's worsening cognitive impairments.

The ALJ's reliance on Dr. Doughtery's 2006 evaluation is not substantial evidence to reject Dr. Humann's treating opinion. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (medical evidence that pre-dates a claimed period of disability is of limited relevance). Especially in a case like this, where Plaintiff is alleging a worsening of his mental condition, a 2006 evaluation of mental limitations is not probative to Plaintiff's existing mental

_____

Dr. Roland did assess and opine on Plaintiff's cognitive functioning. The court is also unable ascertain the basis for Dr. Dougherty's conclusions regarding possible malingering and whether, in fact, test results were affected by Plaintiff's memory deficits.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 9

condition.   Regardless of whether Dr. Humann had reviewed the 2006 report, it is reasonable that she would recommend a new neuropsychological evaluation in 2009 to ascertain the cause and severity of her patient's increasing difficulties in cognitive functioning.  The ALJ's brief summary of Dr. Dougherty's 2006 report is insufficient evidence to support rejection of Dr. Humann's treatment recommendation.[5]  Tr. 22, 96.  Because the ALJ gave inadequate reasons for rejecting Dr. Humann's opinions, they are credited.  *Lester*, 81 F.3d at 830.

### 2.   Candi Didier, Mental Health therapist

Plaintiff argues the ALJ improperly rejected his therapist's opinions.  ECF No. 19 at 20.  The record shows Plaintiff resumed counseling with Ms. Didier at CWCMH in December 2007 after he had regained medical coverage.  Tr. 415.  Her initial evaluation noted marked limitations in Plaintiff's cognitive functioning (ability to understand, remember and complete complex instructions and complete routine tasks) and a marked limitation in his ability to tolerate the pressures and expectations of a normal work setting.  Tr. 444. Several months later she observed Plaintiff's cognitive functioning and memory continued to decline, causing him embarrassment and increasing his tendency to isolate.  Tr. 628.  After two years of medication and counseling, she completed another evaluation with Dr. Humann in which they assessed significant limitations in additional

_____

[5]  Dr. Dougherty's evaluation is not in the record, and the court is unable to review what, if any, testing was done to assess cognitive deficits and what testing was the basis for his finding of possible malingering.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 10

categories, including marked limitations in all areas of understanding and memory functions. Tr. 591. In April 2010, she summarized Plaintiff's ongoing problems with mental functioning and her opinion that his cognitive abilities have been deteriorating since 2006. Tr. 654. Ms. Didier's observations and opinions are amply supported by detailed treatment notes and assessments covering 36 months of counseling. *See* Tr. 442-49, 542-49, 603, 609-47, 654.

As a mental health professional, Ms. Didier is considered an "other source" under the Commissioner's regulations. 20 C.F.R. § 416.913(d)(medical sources not listed as "acceptable medical sources"). The ALJ is required to consider other source opinions "as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987); see also 20 C.F.R. §§ 416.929(c)(3), .945. To properly discount an other source opinion, the ALJ is obligated to give specific reasons "germane" to that medical provider. *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).

Here, the ALJ's reasoning that Ms. Didier's opinions deserve little weight because she is not an "acceptable medical source" and her opinions are not supported by other medical evidence does not satisfy the standard of specific or germane. Also, his findings do not comply with the Commissioner's directives in *SSR* 06-03p (factors that must be considered in weighing "other source" opinions). As an "other medical source," Ms. Didier is by definition not an "acceptable medical source" qualified to diagnose an impairment. Therefore, the first reason is not germane to Ms. Didier's observations and opinions as Plaintiff's therapist. The second

reason lacks the requisite specificity. As discussed above, Ms. Didier's opinions regarding Plaintiff's work-related limitations are supported by Dr. Humann's treatment notes and opinions. In conjunction with Dr. Humann's credited opinions, Ms. Didier's findings and conclusions are significantly probative and warrant considerable weight. 20 C.F.R. §§ 416.913(d), 416.929(c)(3), 416.945; *Taylor v. Commissioner of Social Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (nurse practitioner considered an "acceptable medical source" when working closely with medical doctor); *SSR* 06-03p (more weight given to provider's opinion where treatment relationship is lengthy and opinions are consistent with other evidence). The ALJ's unexplained rejection of Ms. Didier's clinic notes and conclusions regarding the effects of Plaintiff's mental impairments on his ability to work is reversible error. *Stout*, 454 F.3d at 1056.

**B.   Credibility**

Plaintiff argues the ALJ did not give sufficiently "clear and convincing reasons" for rejecting his subjective complaints. ECF No. 24 at 6-8. The Ninth Circuit has ruled that an ALJ's credibility determination must be supported by findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)(en banc). To meet this requirement, an ALJ must provide "specific, cogent reasons for the disbelief" to reject a claimant's subjective complaints. *Id*. The court has expanded this standard where there is no affirmative evidence of malingering, in which case reasons for rejecting a claimant's subjective complaints must be

"clear and convincing."  *Lester,* 81 F.3d at 834; *see also Taylor v. Commissioner of Social Sec. Admin.,* 659 F.3d 1228, 1234 (9th Cir. 2011); *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009); *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007); *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998); *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989).

Here, the ALJ's findings are not adequate to support his rejection of Plaintiff's allegations.  Of initial concern is that his reasoning appears to be based on many factors that were relevant in the prior claim but have little or no relevance to this claim, *e.g.,* a remote history of drug abuse and a prior criminal record. Tr. 21.  Specifically, the ALJ identifies no evidence in the relevant medical records or third party observations in the record to indicate these factors were significant at any time during the claimed period of disability.  Tr. 21.

Other reasons given do not satisfy the "clear and convincing" standard.  For example, the ALJ found Plaintiff's failure to follow-up with treatment and failure to take medication regularly are indicative of a lack of motivation which adversely affects his credibility.  *Id.*  However, the record clearly shows Plaintiff lost medical coverage temporarily and  was unable to access mental health services or medication.  Once medical coverage was restored, he re-engaged in treatment at CWCMH.  Tr. 415.  In addition, the fact that he forgets to take medication or lets his prescription expire is consistent with his complaints of memory loss.  The ALJ erred in drawing inferences about Plaintiff's credibility without considering documented evidence of increasing memory loss and the interruption

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 13

1  of medical coverage. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir.

2  2007)(credibility not implicated where claimant reasonably explained

3  his failure to take medicine); *SSR* 96-7p.

4      The ALJ also construed medical evidence that Plaintiff's

5  anxiety symptoms improved with medication as an indication that

6  Plaintiff was exaggerating.  Tr. 21.  Although the record shows

7  medication appears to have relieved some of Plaintiff's anxiety and

8  depression symptoms, Tr. 452-54, 539, 609, 613-14, the record also

9  shows Dr. Humann observed cognitive deficits and attendant

10 limitations in performing work related activities persisted in spite

11 of medication and treatment. *See, e.g.*, Tr. 613-14. Her observations

12 are consistent with reports of Plaintiff's persistent memory

13 problems, inability to concentrate or stay on task, and his attempts

14 to hide these problems. *See generally* Tr. 604-54.

15     Finally, the ALJ's recitation of Plaintiff's daily activities

16 is not sufficient to impugn Plaintiff's credibility.  Tr. 18, 23.

17 The unstructured day-to-day household activities reported by

18 Plaintiff and Plaintiff's ex-spouse are not inconsistent with

19 Plaintiff's claimed limitations and do not involve a level of mental

20 functioning that would be transferable to the workplace. *Reddick*,

21 157 F.3d at 722.  As this court has ruled, a claimant must not be

22 totally incapacitated to be eligible for disability benefits. *Fair*,

23 885 F.2d at 603; *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).

24 The ALJ's credibility findings are not supported by substantial

25 evidence.

26 **C.   Remedy**

27     Where an ALJ's determination is not supported by substantial

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 14

evidence or is tainted by legal error, the court may remand a case for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004).

Here, the ALJ erroneously rejected the opinions of treating physician Humann and mental health counselor Didier. Crediting Dr. Humann's opinions, it appears Plaintiff's cognitive functioning has worsened. However, the record is not clear that Plaintiff is totally disabled. Enhancement of the record is necessary to resolve outstanding issues regarding Plaintiff's mental limitations. A new neuropsychological examination is necessary to identify the etiology of Plaintiff's limitations and clarify ambiguities created by the ALJ's reliance on Dr. Dougherty's 2006 evaluation and prior vocational expert testimony.

Because Plaintiff's treating physician and treating mental health counselor have identified limitations in excess of those found in prior proceedings, new vocational expert testimony will be required at step four and possibly step five to determine if there is other work Plaintiff can perform with mental limitations supported by the record. *Matthews v. Shalala,* 10 F.3d 678, 681 (9th Cir. 1993)(*citing DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)(vocational expert testimony that does not consider all limitations supported by the record is without evidentiary value).

On remand, the ALJ shall re-evaluate the relevant medical evidence in combination with a new neuropsychological examination;

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) – 15

re-evaluate Plaintiff's credibility; re-assess Plaintiff's RFC; and take new vocational expert testimony based on limitations supported by the entire record and newly assessed RFC.  Accordingly,

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 18,** is **GRANTED.**  The ALJ's decision is reversed and the matter is remanded to the Commissioner for additional proceedings consistent with this Order and pursuant to 42 U.S.C. § 405(g).

2.    Defendant's Motion for Summary Judgment, **ECF No. 22,** is **DENIED.**

3.    An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff, and the file shall be **CLOSED.**

DATED May 7, 2013.


                    _____S/ CYNTHIA IMBROGNO_____
                    UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 16